1

2

3

4

5

6          UNITED STATES DISTRICT COURT

7          NORTHERN DISTRICT OF CALIFORNIA

8

9

10   DANIELLA MALMQUIST FARINA,

11              Plaintiff,                            No.  C 22-00495 WHA

12        v.

13   COUNTY OF NAPA, CALIFORNIA, and          **ORDER TO SHOW CAUSE**
     JUDGE CYNTHIA P. SMITH,
14
                Defendants.
15

16

17        Plaintiff Daniella M. Farina has filed a *pro se* complaint against two defendants,

18   Judge Cynthia P. Smith and the County of Napa, California.  She has now voluntarily

     and as of right dismissed Judge Smith.  This order nonetheless exercises our *sua*
18
     *esponte* obligation to independently inquire into subject-matter jurisdiction.  Plaintiff
19
     is now **ORDERED TO SHOW CAUSE** why all claims against County of Napa should not
20
     be dismissed for lack of subject-matter jurisdiction.
21
22        At all relevant times, Judge Smith presided over a state suit about inherited

23   property (the "partition action") involving our plaintiff.  That suit remains pending in

24   Napa County Superior Court.  *See Victor R. Alam v. Daniela Farina*, Superior Ct.

25   Napa County, 2020, No. 20CV001167 (Compl. ¶ 8).

26        During an earlier stage of the partition action, plaintiff moved Judge Smith for a

27   "reader" to accommodate her visual disability.  The reader was to verbalize written

28   court materials (*see id*. ¶¶ 30–41, 43, 54).  Judge Smith granted the request, with

United States District Court
Northern District of California

1  certain limitations:  Napa County Superior Court staff were made available to read

2  case documents to plaintiff for up to two hours each week, by appointment (*id.* ¶ 33).

3      The complaint now charges that the accommodation proved inadequate:  the

4  readers were "unqualified;" plaintiff "has not [had] or has had extremely limited

5  ADA reader services at hearings;" the order should not have restricted the readers to

6  the portions of the documents directly related to plaintiff; and the court prevented

7  plaintiff from bringing a friend to read during a hearing (*id.* ¶¶ 13, 14, 34, 41, 43, 54).

8  The complaint contends that Judge Smith's decision caused plaintiff to lose every

9  motion in the partition action (*id.* ¶ 54).  The complaint alleges violations of Title II

10  of the ADA as well as the First and Fourteenth Amendments, under 42 U.S.C. §

11  1983.  She seeks damages and injunctive relief.

12      It appears that the *Rooker-Feldman* doctrine deprives the district court of

13  subject-matter jurisdiction.  A *pro se* pleading must be "liberally construed."

14  *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990).  Allegations of

15  fact in the complaint must be taken as true and construed in the light most favorable

16  to the nonmoving party.  *Parks School of Business, Inc., v. Symington,* 51 F.3d 1480,

17  1484 (9th Cir. 1995).

18      The *Rooker-Feldman* doctrine bars plaintiff's claims.  *See Dist. of Columbia*

19  *Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*,

20  263 U.S. 413, 415 (1923).  "It is a forbidden de facto appeal under *Rooker-Feldman*

21  when the plaintiff in federal district court complains of a legal wrong allegedly

22  committed by the state court, and seeks relief from the judgment of that court."  *Noel*

23  *v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003).  Under *Rooker-Feldman*, district courts

24  also lack subject-matter jurisdiction to "scrutinize the state court's application of

25  various rules and procedures pertaining to [the] case."  *Allah v. Superior Court*, 871

26  F.2d 887, 891 (9th Cir. 1989), *superseded by rule on other grounds*, *as stated in*

27  *Harmston v. City & Cty. of S.F.*, 627 F.3d 1273 (9th Cir. 2010).  Even if the

28  complaint does not match one-for-one the issues plaintiff raised to the state court, the

federal claim is "inextricably intertwined" with the state court decision and thus barred by *Rooker-Feldman* "[i]f the injury alleged" federally "resulted from the state court judgment itself," and not the actions of a third party. *Bianchi v. Rylaarsdam*, 334 F.3d 895, 900–01, n.4 (9th Cir. 2003) (quoting *Garry v. Geils,* 82 F.3d 1362, 1365 (7th Cir.1996)).

Our facts fall squarely under the doctrine.  Plaintiff challenges Judge Smith's decision to grant the limited assistance of a reader.  She also appears to find broad fault with the decision's implementation.  Judge Smith's decision "finally resolve[d] the issue that the federal court plaintiff seeks to relitigate in a federal forum, even" though the partition itself "remain[s] pending at the state level." *Mothershed v. JJ. of S. Ct.*, 410 F.3d 602, 604 (9th Cir. 2005), *as amended,* 2005 WL 1692466 (9th Cir. July 21, 2005).  Plaintiff's First- or Fourteenth-Amendment claims herein concern the same facts.  They thus appear inextricably intertwined with the ADA claim.  Furthermore, assertions about the *Rooker-Feldman* doctrine that appear in the complaint are not facts and this order does not presume them true. *Cf. Symington*, 51 F.3d at 1484 (Compl. ¶¶ 57–65).  In short, plaintiff now "assert[s] as a legal wrong an allegedly erroneous decision by a state court" so she may not pursue relief in the district court for that wrong. *Noel*, 341 F.3d at 1164.

This order notes that *Montez v. Department of the Navy* is inapposite.  392 F.3d 147, 150 (5th Cir. 2004).  It suggested that a district court should presume jurisdiction when fact issues going to the merits would also determine subject-matter jurisdiction.  That situation appears inapposite.  This order need not entertain the merits of plaintiff's ADA claim to conclude that plaintiff raises a de facto appeal of a state-court order.  Though our court of appeals has not reached this precise issue, other district courts agree. *See, e.g.*, *Sidiakina v. Bertoli*, 2012 WL 12850130, at *3–4 (N.D. Cal. Sept. 7, 2012) (Judge Jeffrey S. White), *aff'd,* 612 Fed. Appx. 477 (9th Cir. 2015); *Bernstein v. United States Dept. of Hous. & Urb. Dev.*, 2021 WL 1530939, at *4 (N.D. Cal. Apr. 19, 2021) (Judge Jacqueline Scott Corley); *McDaniels*

*v. Dingledy*, 2021 WL 5564727, at *5 (W.D. Wash. Nov. 29, 2021) (Judge Brian A. Tsuchida).  The *Rooker-Feldman* doctrine thwarts all claims.

Plaintiff has **TWENTY-ONE DAYS** in which to **SHOW CAUSE** why this action against the remaining county defendant should not be **DISMISSED**.

**IT IS SO ORDERED.**


Dated:  May 16, 2022.


_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE